IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWOYN TERRELL
SPENCER, # 14781-041,

Petitioner,

vs.                                              Case No. 14-cv-00983-DRH

JAMES CROSS, JR.,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2241 on September 9, 2014 (Doc. 1). This is the sixth habeas action that he has filed in this Court in less than eleven months. *See also Spencer v. Cross*, No. 13-cv-01133-DRH (S.D. Ill. filed November 4, 2013); *Spencer v. Cross*, No. 14-cv-00056-DRH (S.D. Ill. filed January 16, 2014); *Spencer v. United States*, No. 14-cv-00756-DRH (S.D. Ill. filed July 1, 2014); *Spencer v. Cross*, No. 14-cv-00893-DRH (S.D. Ill. filed August 14, 2014); *Spencer v. Cross*, No. 14-cv-00935-DRH (S.D. Ill. filed August 27, 2014). The instant petition was filed just before the Court dismissed petitioner's fifth habeas corpus action and imposed sanctions against him for filing an excessive number of frivolous § 2241 petitions. *See Spencer v. Cross*, No. 14-cv-00935-DRH (S.D. Ill. dismissed September 17, 2014) (Doc. 4, p. 4). This petition fares no better than the rest and shall also be **DISMISSED**.

### I.   Background

On September 18, 2007, a jury found petitioner guilty of conspiracy to distribute cocaine and crack, attempted possession with intent to distribute, and money laundering. *United States v. Spencer*, No. 07-cr-174 (D. Minn.) ("criminal case") (Doc. 144). Petitioner was sentenced to 324 months of imprisonment on January 15, 2009 (Doc. 294, criminal case). The Eighth Circuit affirmed his conviction and sentence on January 21, 2010 (Doc. 333, criminal case).

Petitioner filed a timely motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *Spencer v. United States*, No. 10-cv-1803 (D. Minn.) (Doc. 338, criminal case). The government was ordered to respond, and the § 2255 motion was denied on April 15, 2011 (Doc. 363, criminal case). Petitioner was denied a certificate of appealability. *Id.*

He subsequently filed a string of five § 2241 petitions in this Court, all in rapid succession; all five petitions were dismissed with prejudice. *Spencer v. Cross*, No. 13-cv-01133-DRH (S.D. Ill. dismissed November 27, 2013); *Spencer v. Cross*, No. 14-cv-00056-DRH (S.D. Ill. dismissed February 10, 2014); *Spencer v. United States*, No. 14-cv-00756-DRH (S.D. Ill. dismissed July 23, 2014); *Spencer v. Cross*, No. 14-cv-00893-DRH (S.D. Ill. dismissed September 10, 2014); *Spencer v. Cross*, No. 14-cv-00935-DRH (S.D. Ill. dismissed September 17, 2014). In each, petitioner raised redundant, meritless arguments, which are summarized in the Court's dismissal order in *Spencer v. Cross*, No. 14-cv-00935-DRH (Doc. 4, pp. 1-3). Most arguments pertained to the sufficiency of the § 2255 proceeding.

## II.   Habeas Petition

Petitioner's sixth § 2241 petition is now before the Court. Petitioner once again challenges the sufficiency of the § 2255 proceeding. This time, however, he argues that the district court violated 28 U.S.C. § 2253, when it failed to evaluate the appealability of its decision denying his § 2255 motion (Doc. 1, p. 2). In support of this argument, petitioner claims that § 2253 requires the district court to issue a certificate of appealability ("COA") if "the applicant has made a substantial showing of the denial of a constitutional right." (Doc. 1, p. 3) (quoting 28 U.S.C. § 2253(c)(2)). If the district court declines to issue a COA, petitioner argues that the district court must state the reasons for its denial (citing 28 U.S.C. § 2253(c)(3)). Because the district court allegedly failed to comply with the requirements of § 2253, petitioner claims that he is "in custody in violation of the law of the United States" (Doc. 1, p. 3). He seeks a hearing and inquiry into his allegedly unlawful custody and release from prison (Doc. 1, p. 4).

## III.   Discussion

Petitioner's argument is flawed on many levels, rendering his sixth § 2241 petition utterly lacking in merit. First, he has chosen the wrong legal mechanism to challenge the district court's alleged failure to evaluate the appealability of its decision denying his § 2255 motion. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Under limited

circumstances, § 2241 may be used to challenge the legality of a conviction or sentence pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). However, the savings clause only allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Here, petitioner is not challenging the execution of his sentence. He is also not challenging the legality of his conviction or sentence under the savings clause of § 2255(e). Therefore, this Court cannot grant him the relief he seeks (i.e., release from custody) under § 2241.

More to the point, petitioner's argument is clearly wrong. He claims that the district court failed to evaluate the appealability of its decision denying his § 2255 motion on April 15, 2011. This is simply not the case. The district court devoted an entire section of its order denying the § 2255 motion to this very issue. The order states, in pertinent part:

### IV. Certificate of Appealability

> The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide the issues raised in these § 2255 motions differently. For this reason, the Court concludes that . . . Spencer[ has] failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

(Doc. 363, pp. 6-7, criminal case). Given this language in the district court's order, there is no basis for petitioner's argument in the instant habeas petition. The petition is frivolous.

Upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

### V. Disposition

**IT IS HEREBY ORDERED** that the instant § 2241 petition is summarily **DISMISSED** with prejudice.

### IV. Sanctions

Petitioner has repeatedly ignored this Court's warnings against filing further redundant, frivolous habeas actions in this District. He was warned against doing so twice before filing the instant § 2241 petition. *See Spencer v. Cross*, No. 14-cv-00056-DRH (Doc. 3, pp. 5-6); *Spencer v. United States*, No. 14-cv-00756-DRH (Doc. 3, pp. 6-7). Despite these warnings, petitioner filed three additional § 2241 petitions, all challenging the sufficiency of the § 2255 proceeding, within a two-month time period (i.e., Case Nos. 14-cv-00893-DRH, August 14, 2014; 14-cv-00935-DRH, August 27, 2014; and the present petition). The Court has found all of the petitions meritless.

In the action that petitioner filed just before this one, the Court imposed sanctions against petitioner, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves against vexatious litigation)). *See Spencer v. Cross*, No. 14-cv-00935-DRH (Doc. 4, pp. 4-5). There, the Court imposed a fine of $500.00, in addition to the $5.00 filing fee for that action. Until these fees are paid, the Court barred petitioner from filing further civil suits in this Court in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995). The Clerk was directed to return unfiled any papers that petitioner tenders in civil litigation in this Court, other than a collateral attack or habeas action. All papers filed in a collateral attack or habeas action are deemed denied after thirty days, unless the Court orders otherwise after receiving and reviewing the papers.[1] The Court further warned petitioner that future frivolous filings could result in an increased fine. The Court now reminds petitioner of these sanctions. Because this action was filed before the sanctions were imposed, the Court will not increase petitioner's fine at this time. However, petitioner stands **WARNED** that further frivolous filings **will** result in this imposition of additional fines.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the

---

[1] Exempt from this filing restriction are a notice of appeal (which will result in the imposition of a $505.00 filing fee) and any papers sought to be filed by petitioner in a civil or criminal case in which he is a party defendant. *See Spencer v. Cross*, No. 14-cv-00935-DRH (Doc. 4, p. 5).

issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[2] It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 3, 2014**

Digitally signed by David R. Herndon
Date: 2014.10.03 16:56:27 -05'00'

**United States District Court**

---

[2] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).